| HEIRS OF LYDIA | * | NO. 2023-CA-0212 |
| --- | --- | --- |
| BERGERON, WIFE OF/AND | | |
| SIDNEY J. SIMONEAUX LAND | * | COURT OF APPEAL |
| PARTNERSHIP, A LIMITED | | |
| PARTNERSHIP | * | FOURTH CIRCUIT |
| | | |
| VERSUS | * | STATE OF LOUISIANA |
| | | |
| B-P AMOCO, AMERADA HESS | * * * * * * * | |
| CORPORATION, WM. T. | | |
| BURTON INDUSTRIES, INC., | | |
| BROCK EXPLORATION | | |
| CORPORATION, MONGRUE | | |
| OIL COMPANY, INC., | | |
| NORTHWEST OIL COMPANY, | | |
| LYNAL, INCORPORATED, | | |
| QUINTANA PETROLEUM | | |
| CORPORATION, QUINTANA | | |
| PETROLEUM (U.S.), INC., ET | | |
| AL. | | |

CONSOLIDATED WITH:                                    CONSOLIDATED WITH:

HEIRS OF LYDIA BERGERON ET AL.           NO. 2023-C-0016

VERSUS

BP AMOCO ET AL.

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 1999-19530, DIVISION "B"
Honorable Richard G. Perque, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Rosemary Ledet, Judge
Sandra Cabrina Jenkins)

ON APPLICATION FOR REHEARING

Michael G. Stag
Ashley M. Liuzza
Matthew D. Rogenes
STAG LIUZZA LLC
365 Canal Street
Suite 2850
New Orleans, LA 70130


Andrew A. Lemmon

LEMMON LAW FIRM, LLC
15068 River Road
Hahnville, LA 70057

COUNSEL FOR PLAINTIFF/APPELLANT

Robert B. McNeal
Kathryn Z. Gonski
Mark R. Deethardt
Jaclyn E. Hickman
Trinity A. Morale
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139

Hunter A. Chauvin
LISKOW & LEWIS
120 Camellia Blvd., Suite 300
Lafayette, LA 70508

Lauren C. Mastio
Carl D. Rosenblum
Taylor K. Wimberly
JONES WALKER LLP
201 St. Charles Avenue
Suite 5100
New Orleans, LA 70170-5100

Shawn A. Carter
Christopher B. Bailey
Matthew J. Randazzo, III
RANDAZZO GIGLIO & BAILEY LLC
900 E. Saint Mary Blvd.
Suite 200
Lafayette, LA 70503-2378

Michael R. Phillips
Annie Lemelin
Claire E. Juneau
KEAN MILLER, LLP
900 Poydras Street, Suite 3600
New Orleans, LA 70112

Charles Simon McCowan, III
L. Victor Gregoire, Jr.
KEAN MILLER, LLP
400 Convention Street, Suite 700
Baton Rouge, LA 70802

COUNSEL FOR DEFENDANTS/APPELLEES

**APPLICATION FOR REHEARING GRANTED FOR CLARIFICATION PURPOSES;
RELIEF DENIED; ORIGINAL OPINION AFFIRMED
JANUARY 22, 2024**

SCJ
TFL
RML

We grant appellees, BP America Production Company, Chevron U.S.A., Inc., and Wagner Oil Company's application for rehearing for the purpose of addressing their argument that this Court failed to discuss that a claim for property damage is a personal right that must be assigned to pass to a subsequent acquirer of property by particular title, and that this Court relied on an erroneous distinction between the remedies available for sales and exchanges.

Appellees' application for rehearing seeks reconsideration of this Court's December 20, 2023 opinion. Appellees argue that the *Eagle Pipe & Supply, Inc. v. Amerada Hess Corp.*, 2010-2267 (La. 10/25/11), 79 So.3d 246, "decision was not simply the remedies available to an acquirer of allegedly contaminated property, but rather the longstanding distinction between real and personal rights that has existed under Louisiana property and obligations law for more than 160 years." The appellees further argue that this Court made an inaccurate statement in the original opinion by providing that "unlike the plaintiff in *Eagle Pipe*, the law has

1

not provided to the heirs a cause of action in redhibition and the right to sue for recession of the sale or reduction of the purchase price in this instance." *Bergeron v. B-P Amoco*, 2023-0212, p. 8 (La. App. 4 Cir. 12/20/23), ___So.3d___, 2023 WL 8798524. The appellees contend that Louisiana Civil Code and Louisiana jurisprudence recognize that the same rights and obligations that apply to a seller and buyer in a sale also applies to parties in a contract of exchange.

However, the appellees fail to consider the applicable facts in this matter. The transfer of property was not the typical transactional exchange with a third party. The heirs inherited the property in equal shares and subsequently transferred their interest in the partnership they owned. There is no legal remedy of recession or termination of exchange that would rectify the alleged damages. Notably, "a redhibition claim is between sellers and purchasers. A redhibition action cannot be maintained absent such relationship." *Connell v. Davis*, 2006-9, p. 18 (La. App. 5 Cir. 10/17/06), 940 So.2d 195, 205 (citing *Sanders v. Earnest,* 34,656 (La. App. 2 Cir. 7/24/01), 793 So.2d 393).

The subsequent purchaser doctrine does not apply in this action, as the law does not provide to the heirs a cause of action in redhibition and the right to sue for rescission of the sale or the reduction of the purchase price as there was no sale of the property. Accordingly, the appellees fail to produce any legal basis to warrant an amendment to this Court's original opinion.

For these reasons, we grant the application for rehearing, deny relief, and affirm our original opinion.

**APPLICATION FOR REHEARING GRANTED FOR CLARIFICATION PURPOSES; RELIEF DENIED; ORIGINAL OPINION AFFIRMED**